IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JASMINE COLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-0440-DGK |
| | ) | |
| MILLENNIA HOUSING MANAGEMENT | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BVA INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO DISMISS**

This lawsuit arises from Plaintiff Jasmine Colbert's tenant – landlord relationship with Defendants. The Complaint alleges that Plaintiff and her children have been exposed to unsafe and unsanitary conditions since renting a two-bedroom townhome from Defendants in March of 2015 to present. The Complaint contains four counts: violation of the Missouri Merchandising Practices Act ("MMPA") (Count One), negligence (Count Two), negligence per se (Count Three), and breach of contract (Count Four).

Now before the Court are Defendants' Rule 12(b)(6) motions to dismiss. ECF Nos. 10, 11. The first motion argues that the statute of limitations bars all of Plaintiff's claims. ECF No. 10. The second motion pertains only to Plaintiff's MMPA claim.[1] ECF No. 11.

Because it is clear from the face of the Complaint that the statute of limitations has run on Plaintiff's MMPA claim, and it is unclear from the face of the Complaint whether the statute of

---

[1] This motion argues the MMPA claim should be dismissed because MMPA claims are subject to heightened pleading standards which the Complaint does not meet; the Complaint fails to plead the causation and damages elements of an MMPA claim; and the MMPA claim essentially alleges Defendants failed to fulfill express and implied contractual terms of the lease agreement, allegations which are not actionable under the MMPA.

limitations has run on the other claims, the first motion is GRANTED IN PART. The MMPA claim (Count One), is dismissed with prejudice, and the motion is denied without prejudice with respect to the other claims.

Since the Court is dismissing the MMPA claim with prejudice because the statute of limitations has run, Defendant's second motion to dismiss is DENIED AS MOOT.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

When it appears from the face of the complaint that the statute of limitations period has run, a statute of limitations defense may be asserted via a motion to dismiss for failure to state a

2

Case 4:23-cv-00440-DGK   Document 36   Filed 03/08/24   Page 2 of 7

claim. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004); *see, e.g., Smithrud v. City of St. Paul*, 746 F.3d 391, 395–96 (8th Cir. 2014) (affirming district court's dismissal under 12(b)(6) where it was clear from the face of the complaint that the statute of limitations had run).

## Background

Relevant to the Court's ruling on the pending motions, the Petition alleges as follows:

> 21. The parties entered into a lease contract was a [sic] for a two-bedroom townhome in the Blue Valley Court Townhouses designated as 1955 Park Tower Drive, Kansas City, Jackson County, Missouri, for a term of one year, and thereafter automatically renewing, beginning in March of 2015.
>
> . . .
>
> 24. From the beginning of the tenancy and continuing throughout the tenancy, the subject property was and is riddled with conditions, issues and problems affecting the safety and sanitation of the property; Plaintiff would report the issues to Defendants, but the issues would continue.
>
> 25. The issues were reported by Plaintiff to Defendants in writing, over the phone, and in-person.
>
> 26. The complaints in the subject property included, but were not limited to,
>
>> i. Non-functioning appliances, sink, and significant ongoing plumbing problems;
>>
>> ii. Stove that was non-functional, dangerous, and hazardous; cord chewed through by mice and rats;
>>
>> iii. Refrigerator that was non-functioning causing rotting food and waste;
>>
>> iv. Cockroach infestations;
>>
>> v. Mice infestations;

vi. Rotting wood and unsanitary carpeting;

vii. Infestation of pests, and the presence of rodents;

viii. Widespread mold throughout the unit;

ix. Faulty wiring and other fire hazards;

x. No heat for seven months in 2021;

xi. No air conditioning for a year;

xii. No water in 2022;

xiii. Ceilings that fall and collapses [sic] into the unit;

xiv. Numerous incidents of the basement flooding;

xv. Ongoing problems with water leaks, water damage and visible mold;

xvi. Plaintiff has three children in one bedroom, two girls and one boy, in violation of codes and regulations; Defendants refuse to move Plaintiff to a larger unit;

xvii. Lead paint.

27. Defendants were repeatedly notified of the above conditions, but they failed and refused to properly fix, repair, or mitigate the poor conditions.

28. Because of water leakage in the unit, the duplex became infested with mildew, mold, and other hazardous entities; Defendants were made aware of the conditions and failed and refused to mitigate the water damage.

29. The subject property became contaminated, infested, and otherwise replete with bacteria, fungi, mold, mycobacteria and other toxins and noxious and offensive biological and related hazardous entities and products capable of causing cancer, dermatitis, damage to the respiratory system, asthma, chronic obstructive pulmonary disease, hypersensitivity pneumonitis, pneumonia, bronchiectasis, emphysema, and other respiratory illnesses and disease,

neurological damage, injury and disorders, and in some instances death.

30. At all relevant times, Plaintiff and her children were, without her knowledge or consent, exposed to bacteria, fungi, mold, mycobacteria and other toxins and noxious and offensive biological and related hazardous entities and products capable of causing cancer, dermatitis, damage to the respiratory system, asthma, chronic obstructive pulmonary disease, hypersensitivity pneumonitis, pneumonia, bronchiectasis, emphysema, and other respiratory illnesses and disease, neurological damage, injury and disorders, and in some instances death.

31. Exposure to the contaminants and toxins herein described above are known to cause debilitating health effects.

32. At all relevant times, Plaintiff was unaware that the contaminants and toxins to which she and her children were being exposed could cause debilitating and progressive health effects.

33. Plaintiff was unaware that the contaminants and toxins to which she was being exposed to could cause permanent harm and death.

34. In or around 2019, Plaintiffs son was diagnosed with lead poisoning from the lead-based paint and/or other materials inside the unit.

35. Plaintiffs son has experienced substantial and ongoing developmental delays and problems as a result of the lead poisoning, including but not limited to, the five-year old child cannot speak [sic].

36. Plaintiff made Defendants aware of the lead-based materials, and that the conditions were harming her family; Defendants failed and refused to fix the problems.

. . .

5

39. As a direct and proximate result of Defendants' negligence, Plaintiff and her children were and are in fact exposed through multiple exposure pathways to said contaminants and toxins described more fully herein above.

40. As a direct and proximate result of Defendants' negligence, Plaintiff and her children were injured and suffered severe physical, emotional, and financial damage.

41. For several years, Defendants failed and refused to conduct the annual inspection of the subject property, as required in the HUD guidelines pursuant to Federal Regulations and State Law.

42. An inspection finally occurred around February of 2023; the issues in the unit were made known and documented.

Compl. ¶¶ 21– 42.

## Discussion

**A.   The statute of limitations bars Plaintiff's MMPA claim.**

Defendants argue—and Plaintiff does not dispute—that for lawsuits filed after August 28, 2020, the accrual date for purposes of determining when the statute of limitation runs on an MMPA claim based on a lease, is the date Plaintiff entered the lease. Further, there is no dispute that an MMPA claim carries a five-year statute of limitations, and the Complaint alleges Plaintiff entered her lease with Defendants in March of 2015.[2]  Compl. ¶ 21.

Given that Plaintiff entered the lease in March of 2015 but did not file this lawsuit until April 27, 2023 (nearly eight years after she entered the lease), the MMPA claim is brought three years too late. Accordingly, Plaintiff's MMPA claim, Count One, is dismissed with prejudice.

---

[2] Paragraph twenty-one states, "The parties entered into a lease contract was a [sic] for a two-bedroom townhome in the Blue Valley Court Townhouses . . . for a term of one year, and thereafter automatically renewing, beginning in March of 2015." A copy of the lease is not in the record.

**B.  It is unclear from the face of the Complaint whether the other claims are time barred.**

With respect to the remaining claims for negligence, negligence per se, and breach of contract, it is unclear from the face of the Complaint what the date of accrual is for each. Notably, neither party has attempted to identify a particular date for any claim. Since it is not clear from the face of the Complaint what the date of accrual is for these claims, and therefore if or when the statute of limitations ran for each claim, Defendants' 12(b)(6) motion must be denied with respect to the remaining claims. This denial is without prejudice.

## Conclusion

For the reasons discussed above, Defendants' first motion to dismiss is GRANTED IN PART. Count One is dismissed with prejudice. The motion is denied without prejudice with respect to Counts Two, Three, and Four.

Defendant's second motion to dismiss, which pertains only to Plaintiff's MMPA claim, is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   March 8, 2024                              /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT