IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JASMINE COLBERT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-0440-DGK |
| MILLENNIA HOUSING MANAGEMENT and BVA INVESTMENTS, LLC, | ) |
| Defendants. | ) |

## ORDER DISMISSING THIS CASE WITHOUT PREJUDICE

This lawsuit and a related case arise from Plaintiff Jasmine Colbert's tenant – landlord relationship with Defendants. The Complaint alleges that Plaintiff and her children have been exposed to unsafe and unsanitary conditions since renting a two-bedroom townhome from Defendants in March of 2015 to present.

Now before the Court are a series of orders concerning the status of the parties' settlement, the parties' responses repeatedly stating that the settlement would be completed by a date certain, and the parties' failure to complete the settlement by that date. Because the parties have repeatedly failed to meet the deadlines they themselves have set, and because of the lack of any progress in the litigation, on the Court's own motion this case is DISMISSED WITHOUT PREJUDICE.

The relevant procedural history is as follows. On July 12, 2024, the Court granted the parties joint motion to amend the scheduling order. ECF No. 42. However, the Court cautioned that it had

> real concerns about the pace of discovery in these cases. The Court notes that despite these cases being approximately one-year old and discovery due to be completed by September 13, 2024, no

> depositions have been taken in either case. Given the number of plaintiffs in these cases and the breadth of the allegations, this pace is underwhelming, perhaps even dilatory. Granted, the parties have been engaged in mediated settlement discussions, which the Court encourages. But settlement discussions are not a substitute for discovery and motion work, nor do they serve as an informal stay of the litigation. **The Court puts the parties on notice that it will not grant any extension of the discovery or dispositive motion deadlines in either of these case absent extraordinary circumstances.** The parties should plan accordingly.

Order Re Scheduling at 1–2, ECF No. 42.

On September 13, 2024, counsel for the parties advised the Court in an email that they had reached a settlement in this and a related case and that they would file stipulations of dismissal with prejudice of both actions "within the next 45 days, if not sooner."

Forty-five days passed and no stipulations of dismissal were filed. Consequently, on October 28 the Court issued a text order directing the parties to jointly file either a notice of dismissal or a status report on or before November 1, 2024. ECF No. 44.

The parties did neither. On November 4, the parties reported that all payments would be made by November 16 and that a stipulation of dismissal would be filed by November 18. ECF No. 45.

On November 19, the Court entered a text order noting, "It is now November 19 and no stipulation of dismissal has been filed." ECF No. 46. The order also cautioned that, "If the parties do not file a stipulation of dismissal by the close of business on November 22, 2024, the Court will dismiss this case without prejudice for failure to prosecute." Id.

On November 22, 2024, the parties filed a Second Status Report on Settlement. ECF No. 47. The parties reported that Plaintiffs had received partial payment, approximately 50% of the confidential total settlement amount. The parties explained the delay in payment was due to one

of the payors having,

> additional, internal protocols and steps required for issuing its payment for this settlement that delayed it slightly, which were unknown to Plaintiffs' counsel at the time of the last report. The reasons for that delay are understandable to Plaintiffs' counsel and are not a result of any lack of diligence or good faith on anyone's part.

Second Status Report. on Settlement at 1. The parties also wrote that, "Counsel for plaintiffs and defendants have been in frequent communication, including as of this afternoon, and reliable assurances that the remainder of the settlement payment is promptly forthcoming by mail." *Id*. In closing, the parties wrote, "A dismissal for failure to prosecute, however, would be factually and legally incorrect as there has been no such failure at any time in this case, including now." *Id*. at 2.

Considering the parties' response, and to ensure the parties had every reasonable opportunity to settle this case, the Court did not enter dismissal without prejudice on November 22. However, it is now December 3, 2024, and no dismissal has been filed, nor has any motion work occurred (such as a motion to enforce the settlement), nor have any depositions been taken in this case.

The Court has cautioned the parties about the lack of any activity in this case, and it has warned them that it would dismiss this case without prejudice if the parties failed to complete the settlement. The parties have given the Court multiple dates by which the settlement would be completed, and they have missed them all. The Court also notes that at this point, the parties cannot give a date by which the settlement will be completed.

Given the lack of progress in this case and the Court's prior warnings, this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  December 3, 2024                         /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT